**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:23-cv-00248-RJC-SCR**

VAIBHAVI PATEL,

Plaintiff,

vs.

GLAXOSMITHKLINE CONSUMER
HEALTHCARE HOLDINGS (US) LLC d/b/a
HALEON US, INC., PFIZER, INC. d/b/a
PFIZER CONSUMER HEALTHCARE LLC,
WYETH, LLC, AND WYETH CONSUMER
HEALTHCARE, LLC,

Defendants.

**PROTECTIVE ORDER**

## ORDER

Before the Court is the parties' Joint Motion for Entry of Protective Order (the "Joint Motion"). (Doc. No. 23). The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information that may be discovered or offered into evidence at the trial of this case. Upon consideration, the Court finds that the parties' Joint Motion should be and hereby is **GRANTED**. The Protective Order is as follows:

IT IS **HEREBY ORDERED** that, pursuant to Fed. R. Civ. P. 26(c), confidential information be disclosed only in the following designated ways:

1.     As used in the Protective Order, these terms have the following meanings:

•      "Attorneys" means counsel of record;

•      "Competitor" means any company or individual, other than the supplying party, who is or plans to be engaged in the design, research, development, testing, manufacture, regulatory review process, sale, and/or marketing of any ibuprofen

product;

- "Confidential" documents are documents designated pursuant to paragraph 2;

- "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

- "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

- "Written Assurance" means an executed document in the form attached as Exhibit A.

2.    A Party may designate a document "Confidential," to protect information within the scope of Fed. R. Civ. P. 26(c).

3.    All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

4.    Access to any Confidential document shall be limited to:

(a)    the Court and its staff;

(b)    Attorneys, their law firms, and their Outside Vendors;

(c)    persons shown on the face of the document to have authored or received it;

(d)    court reporters retained to transcribe testimony;

(e)    the parties;

(f)    the parties' current or former employees, subject to the notice provision of paragraph 8 for former employees;

(g)    outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party

or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action, subject to the notice provision of paragraph 8.

5.      Any non-party who shall be called upon to make discovery herein or provide deposition or other testimony pursuant to subpoena or other formal or informal discovery device shall be entitled to avail itself of the provisions and protections of this Protective Order; and if such election is made, such non-party shall be entitled to the protection granted hereby and shall assume the duties and obligations imposed thereby. All material designated by the non-party to be "Confidential" shall be treated in the same manner and fashion as any Confidential documents produced by the parties herein.

6.      Third parties producing documents in the course of this action may also designate documents as "Confidential," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as Confidential for a period of 14 days from the date of their production, and during that period any party may designate such documents as Confidential pursuant to the terms of the Protective Order.

7.      If another court or an administrative agency requests, subpoenas, or orders production of Confidential documents from a party that has obtained those materials under the terms of this Order, the party shall promptly notify the producing party of the pendency of such subpoena or other process. The subpoenaed party will not oppose the producing party's effort to intervene in the proceeding, quash the subpoena, or take other reasonable action to seek appropriate relief, with the cost of such opposition to the subpoena to be borne by the producing party unless otherwise agreed to by the parties.

8.      Each person appropriately designated pursuant to paragraph 4(g) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Attorneys of the supplying party shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any Competitor of the party whose designated documents or information are sought to be disclosed. Such notice shall provide the name and address of the person to whom the disclosure will be made and the nature of his or her affiliation with a Competitor. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party. If the Court allows disclosure, the information remains Confidential and the person shall be bound by this Protective Order. This disclosure obligation shall be a continuing one; if an independent consultant or expert is going to work for, consult with, or otherwise communicate with a Competitor regarding any ibuprofen product at any time during the litigation, Attorneys consulting with that person shall provide the notice required by this paragraph.

9.      All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other Confidential documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 30 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as Confidential during the 30-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information pursuant to this Protective Order.

10.     Portions of interrogatory answers, responses to requests for admissions, deposition

transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain confidential information within the scope of Fed. R. Civ. P. 26(c) may be designated "Confidential" where appropriate, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

11.     To avoid security risks currently inherent in certain current technologies, and unless the party whose Confidential documents are at issue agrees otherwise in writing, and except as set forth immediately below with respect to limited electronic mail communications, all persons with access to Confidential documents pursuant to Paragraph 4 shall be and are prohibited from storing or transmitting any Confidential documents in or via any online or web-based storage location or service, when such storage location or service is managed or maintained by any third-party service provider, including any provider of so-called "cloud computing" services, other than a reputable litigation support service provider with a secure document hosting facility that uses encrypted web-enabled software that allows for secure and protected sharing and collaboration concerning said documents amongst only authorized counsel and that does not employ so-called "cloud computing" services. Notwithstanding the foregoing provision, a person with access to Confidential documents pursuant to Paragraph 4 shall not be prohibited from transmitting to any other person permitted to access Confidential documents pursuant to Paragraph 4 a reasonably limited number of files containing Confidential documents through electronic mail, as attachments to an electronic mail in the form of separate PDF files (and not as zip files or links to files), as long as the person transmitting the files takes reasonable steps to protect the confidentiality of the files.

12.     Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve

such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

13.     Notwithstanding the foregoing, without express written consent, in no event shall any disclosure of Confidential documents be made to any Competitor or to any person who, upon reasonable and good faith inquiry, could be determined to be a current employee of a Competitor or consultant doing research on ibuprofen for a Competitor irrespective of whether such person is retained as an expert in this action, except that if the person is a former employee of Defendants (or a subsidiary of Defendants) and appears or is produced as a fact witness, the examining party shall be permitted to disclose Confidential documents during the deposition pursuant to Paragraph 9. If a party seeks to disclose Confidential documents to a Competitor, the party seeking disclosure shall follow the notice provisions set forth in Paragraph 8. Confidential documents shall be used solely for the purpose of this action and shall not be used by any person receiving such information for any business or competitive purpose.

14.     If a party files a document containing Confidential information with the Court, **it shall do so by filing the document both (1) on the public docket, redacting the Confidential information, and (2) under seal with the Clerk of Court in compliance with the applicable local rules governing the filing of such information. For purposes of this Order, the sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so consistent with the local rules. Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek**

**from the Court further protections against public disclosure**.

15.     Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of information as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

16.     Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the supplying party all documents designated by the supplying party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

17.     **Failures to Designate**. A failure to designate at the time of production qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, and the Producing Party may rectify its failure to designate qualified information or items by notifying in writing counsel for all parties to whom the information or items were disclosed that the information or items should have been designated "CONFIDENTIAL." Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

18.     **No Waiver of Privilege or Work Product**. If a Producing Party discloses information

subject to a claim of attorney-client privilege or attorney work product protection or some other legal privilege or doctrine protecting information from disclosure, the disclosure of the information ("Protected Information") shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the disclosed information and its subject matter. This provision is, and shall be construed as, an Order under Federal Rules of Evidence 502(d). Accordingly, as explicitly set forth in Rule 502(d), a Party's production of Protected Information, whether inadvertent or intentional, is not a waiver of any privilege or protection "in any other federal or state proceeding."

19. **Protected Health Information**. "Protected Health Information" ("PHI") has the same scope and definition as set forth in 45 C.F.R. § 160.103 and § 164.501. Without limiting the generality of the foregoing, PHI includes, but is not limited to, health information, including demographic information, relating to: the past, present, or future physical or mental health or condition of an individual; and the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes all notes, summaries, compilations, extracts, abstracts or oral communications that are based on or derived from PHI including payment for care provided to an individual, regardless of form or format. PHI also includes information that contains the following identifiers of a patient:

    (a) names;

    (b) all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

    (c) all elements of dates (except year) directly related to an individual, including birth date, admission date, discharge date, age, and date of birth;

    (d) telephone numbers;

(e) fax numbers;

(f) electronic mail addresses;

(g) social security numbers;

(h) medical record numbers;

(i) health plan beneficiary numbers;

(j) account numbers;

(k) certificate/license numbers;

(l) vehicle identifiers and serial numbers, including license plate numbers;

(m) device identifiers and serial numbers;

(n) web universal resource locaters ("URLs")

(o) internet protocol ("IP") address numbers;

(p) biometric identifiers, including finger and voice prints;

(q) full face photographic images and any compatible images;

(r) any other unique identifying number; characteristic, or code; and

(s) any other information that the Producing Party knows could be used alone or in combination with other information to identify an individual who is subject of the information.

Any Protected Health Information shall be deemed "CONFIDENTIAL" and, as such, subject to the terms of this Protective Order. Any person who receives and stores PHI in connection with this Proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any PHI and to prevent unpermitted use or disclosure of any PHI they may receive from any person in connection with this Proceeding. PHI will be securely

returned or destroyed pursuant to the provisions of this Protective Order.

20.     Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

21.     Nothing in this Protective Order shall limit any supplying party's use of its own documents or shall prevent any supplying party from disclosing its own Confidential documents to any person.

22.     No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

23.     The obligations imposed by the Protective Order shall survive the termination of this action.

24.     **All prior consistent orders remain in full force and effect**.

25.     **Failure to comply with any provision of this Protective Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate**.

           **SO ORDERED.**

Signed: July 24, 2023

_Susan C. Rodriguez_
Susan C. Rodriguez
United States Magistrate Judge

EXHIBIT A
WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____

_____, County of _____, State of _____.

I am currently employed by ___, located at _____, and my current job title is

_____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 3:23-cv-00248, pending in the United States District Court for the Western District of North Carolina. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any information or documents designated as "Confidential" and obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents or information except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____        _____
                    (Date)                              (Signature)